UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-05898-SVW-SK                                Date: August 6, 2025
Title     Matthew Nicholson v. Warden

Present: The Honorable:  Steve Kim, United States Magistrate Judge

            Connie Chung                                              n/a
             Deputy Clerk                                     Court Reporter / Recorder

   Attorneys Present for Petitioner:              Attorneys Present for Respondent:

            None present                                        None present

**Proceedings:**      (IN CHAMBERS) **ORDER TO SHOW CAUSE**

   Petitioner Matthew Nicholson appears to be a convicted inmate seeking habeas relief. But in the petition filed here, he asserts—with no elaboration—that his confinement violates due process even though he is "unsure what crimes [he] was convicted of." (ECF 1 at 4–5). What's more, he invokes both 28 U.S.C. § 2254 (which applies to state prisoners) and 28 U.S.C. § 2255 (which applies to federal prisoners), so it is unclear whether petitioner is in state or federal custody. (ECF 1). Finally, the petition references an "attached letter" but nothing of the kind is attached to his petition. (ECF 1 at 4–5, 7, 18–23, 27).

   While the court must liberally construe pro se pleadings, it cannot "engage in a tenuous analysis in order to attempt to identify and make sense of" a petition. *Hines v. Napolitano*, 2007 WL 2859745, at *1 (S.D. Cal. Sept. 26, 2007). A petition that leaves both the court and respondent guessing as to the grounds asserted is subject to dismissal. *See, e.g.*, *Hernandez v. Montgomery*, 2020 WL 5875025, at *1 (C.D. Cal. July 6, 2020). And while a habeas petitioner may adequately plead "an otherwise ambiguous claim by making 'clear and repeated' references to an appended supporting brief that presents the claim with sufficient particularly," *Barnett v. Duffey*, 621 F. App'x 496, 497 (9th Cir. 2015), there is nothing attached to the petition here that could serve that purpose.

   For these reasons, petitioner is ORDERED TO SHOW CAUSE within 14 days of this order why his petition should not be dismissed for failure to state any grounds for relief. *See* Rule 4 of Rules Governing Section 2254 ("If it plainly appears from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05898-SVW-SK                               Date: August 6, 2025

Title        Matthew Nicholson v. Warden

petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner); *see also* L.R. 72-3.2 (summary dismissal of habeas petition authorized when "it plainly appears from the face of the petition" that "petitioner is not entitled to relief").  Petitioner may discharge this order by voluntarily dismissing this petition without prejudice using the attached Form CV-09y.  Alternatively, petitioner may file an amended petition invoking the proper jurisdictional grounds and laying out the operative facts and legal theories in support of any requested habeas relief.

Petitioner is warned that failure to timely respond as ordered may lead to the immediate closing of this case with no further notice for lack of prosecution and noncompliance with court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *see also* L.R. 41-6 (requiring pro se litigants to keep court timely apprised of any change in record address).

IT IS SO ORDERED.